**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §  **CASE NUMBER 1:20-CR-00044-TH** |
| **v.** | § |
| | § |
| | § |
| **BRUCE EUGENE KENNEY** | § |
| | § |

**REPORT AND RECOMMENDATION ON**
**THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

Defendant, Bruce Eugene Kenney, was indicted by a federal grand jury for the Eastern District of Texas on June 3, 2020. The two-count indictment charged Defendant with violations of 18 U.S.C. § 111(a) and (b) (inflicting bodily injury in the course of assaulting a federal officer). A two-count superseding indictment was returned on August 5, 2020, charging Defendant with two violations of 18 U.S.C. § 1111(a) (physical contact in the course of an assault on a federal officer).

On August 11, 2020, the Honorable United States District Judge Thad Heartfield ordered that Kenney be committed to a Federal Medical Facility where he was to be examined pursuant to 18 U.S.C. § 4247(b).  (Doc. No. 18.)  Due to delays caused by Covid-19, Kenney's mental evaluation was delayed, and the court granted his counsel's multiple requests for trial continuances.  (Doc. Nos. 22, 27, 29, 30, 31, 34, 40.)   On June 1, 2021, the court received Defendant's initial psychological evaluation prepared by Ryan Nybo, Psy.D.  (Doc. No. 35.)  In

the report, Dr. Nybo concludes that there is objective evidence to indicate that Defendant suffers from a mental disorder or disease, namely Schizophrenia, and that Kenney is incompetent to stand trial.  Dr. Nybo accordingly recommended that Kenney be committed to a Federal Medical Center for competency restoration pursuant to 18 U.S.C. § 4241(d). Additionally, the U.S. Medical Center for Federal Prisoners filed a sealed letter updating its recommendation as to the competency of Kenney on May 9, 2022. (Doc. No. 48.)   In the letter, the evaluating doctor concludes that with continued treatment, it is substantially likely that Kenney will be restored to competency.

The U.S. Medical Center for Federal Prisoners requested Kenney's commitment period be extended an additional four months for competency restoration, which was granted on December 15, 2021.  (Doc. No. 42.)  Eventually, the court was informed by letter dated August 25, 2022, that Kenney completed his period of commitment at the Federal Medical Center in Springfield, Missouri, and had regained competency such that he could understand the legal proceedings against him and assist his attorney in preparing his defense.  (Doc. No. 52.)  A report from Sarah Hampton, Ph.D., detailed the medical findings.  (*Id.*)

Accordingly, the undersigned held a competency hearing on November 7, 2022.  At the hearing, the Defendant appeared in court with his counsel, David Barlow.  Kenney did not object to Dr. Hampton's opinion on competency.  Neither the Government nor the defense objected to the psychological report's results and findings.

Accordingly, the undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceeding against him, and has

sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense.  *See* 18 U.S.C. § 4241.  It is further recommended that the speedy trial time be excluded from August 10, 2020 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

3

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of November, 2022.

_____
Zack Hawthorn
United States Magistrate Judge